149 F.3d 1188
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Ricky LAMB, Appellant.
 No. 98-1252.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 14, 1998.
Filed May 19, 1998.
 
 Appeal from the United States v. District Court for the Western District of Arkansas.
 Before BOWMAN, C.J., WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ricky Ellis Lamb appeals the 30-month sentence imposed on him by the district court[1] after he pleaded guilty to committing mail fraud, in violation of 18 U.S.C. § 1341. We affirm.
 
 
 2
 A state investigation of Lamb's sewing machine business revealed that most customers did not receive the machines they had purchased and that those who did receive machines found that they were defective or of a generic brand. Lamb's business eventually filed for bankruptcy, and Lamb was indicted on federal fraud charges arising from his business practices. At sentencing, the district court determined that the amount of loss exceeded $200,000. Lamb now challenges that calculation.
 
 
 3
 We conclude that the district court did not clearly err in its loss determination. See United States v. Dolan, 120 F.3d 856, 870 (8th Cir.1997) (standard of review). In response to Lamb's objection, the government presented evidence, in the form of testimony and the business's bankruptcy schedules, which showed that more than $200,000 was owed to creditors who had made a partial payment on, or paid in full for, a sewing machine. See United States v. Wells, 127 F.3d 739, 745 (8th Cir.1997) (government must prove extent of loss by preponderance of evidence). The district court was free to credit this evidence and to reject Lamb's unsupported testimony that the amount of loss was only $44,000. See U.S. Sentencing Guidelines Manual § 2F1.1 (n.8) (1997) (amount of loss need not be determined with precision; court need only make reasonable estimate of loss based on available information); Dolan, 120 F.3d at 871 (credibility determinations made by court in determining loss are virtually unassailable on appeal).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas